GILDA STAVE, AN INFANT, BY HER NEXT FRIENDS, FAY STAVE AND AARON STAVE, AND FAY STAVE AND AARON STAVE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. GIANT FOOD ARCADE, A CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the plaintiffs-appellants, *David Cohn.*

For the defendants-respondents, *Edwards, Smith & Dawson* (*Forrest S. Smith,* of counsel).

PER CURIAM.

This case came to this court on appeal from the Second District Court of the city of Paterson in the October term, 1940. The court below directed a verdict in favor of the defendant. The allegation was that the infant plaintiff was made ill by drinking deleterious pineapple juice purchased from the defendant by the parents of the infant. This court reversed the judgment because the warranty ran to the purchaser and not to the minor child but pointed out that the parents were entitled to recover the expense incurred by them

in effecting a cure of their child by reason of any breach of the implied warranty of fitness. 125 *N. J. L.* 512.

The *remittitur* was entered on December 18th, 1940, on motion of the attorney for the plaintiffs. It allowed costs to plaintiffs. The same have been taxed at $91.80.

The defendants object to the allowance of costs against them and move for an order correcting the *remittitur* by disallowing costs to the plaintiff and by awarding them double costs against the infant plaintiff under *R. S.* 2 :27-385.3.

There has been no final determination of the case of the parents. The verdict against them was reversed, and that feature of the case remitted to the District Court. We conclude that costs on the appeal as to the parents should abide final determination. The appeal disposed of the claim of the infant plaintiff and we conclude that the defendants having prevailed on that issue should have costs against her next friends. The statute, *R. S.* 2 :27-385.3, applies so the motion for double costs is allowed.

There will be no costs on the motion. An order carrying out these views may be submitted.